UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,                        Case No. 3:21-cr-89

vs.

RASEAN J. PINER,                   District Judge Michael J. Newman

      Defendant.

---

**ORDER DENYING DEFENDANT'S MOTION TO SUPRESS (Doc. No. 32)**

---

Defendant Rasean J. Piner is charged in a two-count indictment with (1) knowingly and intentionally possessing with intent to distribute various controlled substances, including methamphetamine, cocaine, and fentanyl; and, (2) knowingly being a felon in possession of a firearm. Doc. No. 16. This case is before the Court upon Defendant's motion to suppress (Doc. No. 32), and the Government's response (Doc. No. 33). Neither party seeks an evidentiary hearing.

Defendant seeks an Order suppressing all evidence found during law enforcement officers' search of his residence on March 26, 2021. Doc. No. 32, PageID at 77-82; *see* Doc. No. 33-1, PageID at 100-03. He argues that suppression is required because the search violated his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution and "comparable portions of the Ohio Constitution." Doc. No. 32, PageID at 77.

## I.      Background

### A.    Detective Orndorff's Affidavit

The events and circumstances concerning the search warrant and law enforcement officers' search of Defendant's residence on March 26, 2021 appear in the affidavit of Detective G. Tyler

Orndorff of the Dayton Police Department.[1]  Doc. No. 33-1, PageID at 104-06.  Detective Orndorff submitted his affidavit in support of an application for a search warrant to a Judge in the Court of Common Pleas, Montgomery County, Ohio.  The Judge issued a search warrant on March 24, 2021 for Defendant's property, including the residence, at 34 Patrick Street in Trotwood, Ohio, and the search occurred two days later.  *Id*. at 98-103.

Detective Orndorff states the following in his sworn affidavit:  On February 11, 2021, a drug overdose occurred at 4245 West Third Street in Dayton, Ohio.  *Id*. at 105.  During Detective Orndorff's investigation into the overdose, he learned from a confidential informant ("CI") that "narcotics were purchased at 34 Patrick Street in Trotwood, Ohio from a male identified as 'Pine.'"  *Id*. at 105.  The CI identified Rasean Piner as the male known as "Pine."  *Id*.  The CI also gave Detective Orndorff a specific phone number Pine used to facilitate drug sales.  *Id*.

Upon further investigation, Detective Orndorff learned that the "Montgomery County JusticeWeb" listed Rasean Piner as the owner of the residence at 34 Patrick Street in Trotwood, Ohio.  *Id*.  From this same database, Detective Orndorff printed "a picture of a mugshot of Rasean Piner."  *Id*.

On February 26, 2021, Detective Orndorff and other law enforcement officers searched  a trash receptacle in front of 34 Patrick Street.  Detective Orndorff describes what they found:

> Inside of a tied trash bag, I located several small plastic cellophane baggies that had a white powdery substance that I recognized to be cocaine.  These baggies were field tested and tested positive for cocaine.  Inside a separate tied off trash bag, I located another bag with a white powdery substance.  This baggie was tagged and placed into the property room with a lab request to the Miami Valley Regional Crime Lab.

---

[1] At the time of his affidavit, Detective Orndorff was assigned to the Dayton Police Department's "Narcotics Bureau -- Placed-based Investigations of Violent Offender Territories (PIVOT Unit)."  Doc. No. 33, PageID 104.

*Id.*

On March 3, 2021, Detective Orndorff, Sergeant Ryan T. Halburnt, and Detective Lucas A. Rose met with a CI to arrange a controlled narcotics purchase. *Id.* Detective Orndorff explains, "This CI has provided information in the past that has proven true and accurate through independent investigation, and has led to the issuance of search warrants and the recovery of drugs, money and guns. Prior to the controlled purchase the CI was checked for money and drugs and none were found." *Id.*

Next, the CI called the phone number the CI had previously provided for "Pine" (*i.e.*, Defendant) and asked to purchase narcotics. *Id.* The CI was directed to 34 Patrick Street, Trotwood, Ohio. Detective Orndorff drove to 34 Patrick Street where he set up "a position of surveillance." *Id.* From this position, Detective Orndorff observed the CI drive up and park in front of the 34 Patrick Street. Approximately two minutes later, a black male exited the front door of 34 Patrick Street and approach the CI. *Id.* Detective Orndorff reports:

> I witnessed the CI and the male conduct what I believed to be a hand-to-hand drug transaction from my training and experience. This transaction was like … others that I have witnessed in the past. I maintained surveillance of the CI until they returned to us at a pre-determined location where he/she handed over an amount of suspected drugs handed over an amount of suspected drugs. The CI was again checked for drugs and money and none were found.

*Id.*

Detective Orndorff suspected that the drugs he recovered from the CI were Fentanyl. The drugs had the same appearance, color, and consistency as Fentanyl he had recovered in his past law enforcement work. *Id.* When Detective Orndorff the showed the CI the photo he had previously printed from the Montgomery County JusticeWeb ("JusticeWeb"), the CI "identified Rasean Piner as the individual who sold them drugs." *Id.*

Detective Orndorff's affidavit also describes a second, nearly identical, controlled

narcotics purchase of suspected Fentanyl by a CI from Defendant at 34 Patrick Street, Trotwood, Ohio. *Id*. at 105-06. This second purchase occurred on March 24, 2021. *Id*.

### B.    The Search Warrant and The Search

The warrant that issued on March 24, 2021 authorized law enforcement officers to search the residence at 34 Patrick Street in Trotwood, Ohio for evidence of drug possession and trafficking including, in part, "Fentanyl along with any other illegal drugs, controlled substances or drug related paraphernalia." *Id*. at 98.

Upon searching the residence at 34 Patrick Street, two days later on March 25, 2021, *id*. at 103, pursuant to the warrant, officers found, among other things, marijuana, baggies of methamphetamine, a scale with white-powder residue, a stolen firearm, and prison-release paperwork for Rasean Piner. *Id*. at 100-03.

### II.    The Fourth Amendment

A defendant may assert a violation of the Fourth Amendment and seek suppression of evidence by filing a pretrial motion. *See* Fed. R. Crim. P. 12(b)(3)(C). The burden is on the defendant to show "a violation of some constitutional or statutory right justifying suppression.'" *United States v. Rodriguez-Suazo*, 346 F.3d 637, 643 (6th Cir. 2003) (quoting *United States v. Feldman,* 606 F.2d 673, 679 n. 11 (6th Cir. 1979)).

The Fourth Amendment, applicable to state officers through the Fourteenth Amendment, *see United States v. Reed*, 993 F.3d 441, 446 (6th Cir. 2021), forbids "unreasonable searches and seizures" and provides, "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. art. IV. "[P]robable cause exists when an affidavit shows a 'fair probability' that criminal evidence will be found in the place to be searched." *United States v. Moore*, 999 F.3d 993, 996-97 (6th Cir. 2021) (citing *United States v. Hines*, 885 F.3d 919, 923

(6th Cir. 2018).  "Great deference" extends to the issuing judge's probable cause determination. *Id*. at 997.  The required analysis considers "the affidavit's four corners to determine whether, under the totality of the circumstances, the low bar of probable cause has been overcome.'"  *Id*. (citing *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006); *see also District of Columbia v. Wesby*, __U.S.__, 138 S. Ct. 577, 586 (2018) ("Probable cause 'is not a high bar.'" (quoting *Kaley v. United States*, 571 U.S. 320, 338 (2014))).

"The exclusionary rule prohibits the admission of evidence seized in searches and seizures that are deemed unreasonable under the Fourth Amendment, as well as derivative evidence acquired as a result of an unlawful search."  *United States v. Kennedy*, 61 F.3d 494, 497 (6th Cir. 1995) (*citing Wong Sun v. United States*, 371 U.S. 471, 484-85 (1963)).

### III.    Analysis

Defendant contends that Detective Orndorff's affidavit was insufficient to demonstrate probable cause to support the issuance of the search warrant for 34 Patrick Street.  Doc. No. 32, PageID at 78-82.  Defendant finds several deficiencies in Detective Orndorff's affidavit:  (1) it failed to connect the drug overdose on West Third Street in Dayton with drug sales allegedly occurring at 34 Patrick Street; (2) it does not connect with Defendant the items found in the trash pull in front of 34 Patrick Street, especially when the trash pull occurred more than a month before the search warrant issued, no surveillance or other evidence showed Defendant lived at 34 Patrick Street or that Defendant; and (3) it does not provide sufficient or reliable information obtained from the CI.  *Id*.

"Viewing the 'totality of the circumstances,' through the 'lens of common sense,' as the Supreme Court has instructed," *United States v. Christian*, 925 F.3d 305, 309 (6th Cir. 2019) (quoting *Florida v. Harris*, 568 U.S. 237, 244, 248 (2013)), and extending great deference to the

state judge's probable cause determination, *Moore*, 999 F.3d at 997, the information in Detective Orndorff's affidavit establishes a fair probability that the search of 34 Patrick Street would result in the discovery of illegal narcotics or related criminal activity.  A CI  informed Detective Orndorff that narcotics had been purchased from "Pine" at 34 Patrick Street on February 11, 2021.  Doc. No. 35, PageID 105. The CI identified Rasean Piner as "Pine."  *Id*.  Rather than accepting this as a wholly accurate, Detective Orndorff investigated further by searching the Montgomery County JusticeWeb.  This led him to search JusticeWeb for the name Rasean Piner.  Detective Orndorff learned that Rasean Piner owned the residence at 34 Patrick Street.  *Id*.  When Detective Orndorff showed the CI the photo of Rasean Piner (printed from JusticeWeb) the informant identified Rasean Piner as "Pine."  *Id*.

On February 26, 2021, Detectives Orndorff and Rose, and sergeant Halburnt, examined trash found in a receptacle in front of 34 Patrick Street.  This provided further indication that illegal narcotics activities had taken place at 34 Patrick Street, including a white powdery substance that field-tested positive for cocaine.  Defendant is correct in pointing out that the presence of cocaine in the trash did not conclusively connect him or his residence at 34 Patrick Street to illegal narcotics activity (Doc. No. 32, PageID 78-79), but the cocaine's location in a trash receptacle in front of 34 Patrick Street provided some support for the possibility that illegal narcotics activity had recently occurred in the residence in or near a residence Defendant owned.  It is common sense to think that people typically remove trash from their residences and place it in receptacles in front of their residences for collection.  *Cf. California v. Greenwood*, 486 U.S. 35, 37 (1988) (no reasonable expectation of privacy in part because "respondents placed their refuse at the curb for the express purpose of conveying it to a third party, the trash collector, who might himself have sorted through respondents' trash or permitted others, such as the police, to do so").

6

Detective Orndorff's next decision -- to set up two controlled narcotics purchases at 34 Patrick Street -- produced sufficient information to support a fair probability that Defendant sold illegal narcotics from his residence at 34 Patrick Street. *Cf. Moore*, 999 F.3d at 997 ("[M]ost critically, the affidavit detailed a controlled drug buy … between the informant and Moore. To that end, the affidavit carefully described the steps taken by officers to ensure the buy occurred, such as searches of the informant before and after entering the home and the use of prerecorded money"); *Wesby*, 138 S.Ct. at 586 (Probable cause "'requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" (citation omitted)). The details in Detective Orndorff's affidavit discussed above, *supra*, § I(A), need not be repeated in full. What is significant for the probable cause determination is that Detective Orndorff personally observed the CI arrange controlled purchases on two occasions, the second of which occurred only two days before the search warrant issued (on March 24, 2021). Doc. No. 33-1, PageID at 98-99, 105-06. Detective Orndorff closely supervised the CI to ensure he or she engaged in two actual narcotics purchases from Defendant, and Detective Orndorff personally observed the CI make two controlled narcotics purchases from a black male who exited the front door of 34 Patrick Street. *Id*. at 105. After the first purchase, the CI identified the black male as Rasean Piner, based on the photo of Rasean Piner that Detective Orndorff obtained from JusticeWeb. *Id*. Detective Orndorff states in his affidavit that during the second controlled buy he personally observed Defendant "exit out the front door [of 34 Patrick Street] and approach the CI. I witnessed the CI and Rasean Piner conduct what I believed to be a hand-to-hand drug transaction from my training and experience. This transaction was like and similar to others that I have witnessed in the past…." *Id*. at 105-06. Detective Orndorff tested the accuracy of his observation that Defendant had been involved in the second controlled purchase by showing the CI a photo of Rasean Piner. The CI confirmed that

Rasean Piner was the narcotics seller during the second controlled purchase. "[A]n affidavit that both details an informant's tip and describes a controlled drug purchase with the informant provides 'sufficient corroborating information' to uphold a finding of probable cause." *Moore*, 999 F.3d at 997 (citing *United States v. Archibald*, 685 F.3d 553, 557 (6th Cir. 2012)).

Defendant correctly points out that Detective Orndorff's affidavit fails to connect the overdose death in early February on West Third Street in Dayton with narcotic sales allegedly occurring at 34 Patrick Street. *See* Doc. No. 33-1, PageID at 105. This, however, does not negate the other information, described above, within the four corners of Detective Orndorff's affidavit that directly connects Defendant with the sale of illegal narcotic in front of his residence at 34 Patrick Street. Similarly, Defendant's reference -- to the fact that the trash pull occurred about one month before the search warrant issued -- does not assist Defendant due to other information in Detective Orndorff's affidavit that establishes probable cause. Further, whether or not Defendant actually lived at 34 Patrick Street is insignificant, given Detective Orndorff's observations, especially during the second controlled purchase. *See Moore*, 999 F.3d at 996-97.

Defendant's remaining argument -- *i.e.*¸ Detective Orndorff's affidavit does not provide sufficient or reliable information obtained from the CI (Doc. No. 32, PageID at 78-79) -- lacks merit. "Where an affidavit includes information derived from a confidential source, a court must consider 'the veracity, reliability, and the basis of knowledge for that information as part of the totality of the circumstances analysis.'" *United States v. Coffee*, 434 F.3d 887, 893 (6th Cir. 2006). Detective Orndorff's affidavit described the CI as "reliable" and indicated the CI "has provided information in the past that has proven true and accurate through independent investigation." Doc. No. 33-1, PageID at 105. Detective Orndorff took steps to confirm the CI's reliability before, during, and after the two controlled purchases including, but not limited to, independently

identifying Defendant as the owner of 34 Patrick Street, and supervising the CI and conducting surveillance of each controlled purchase.  These investigative steps helped Detective Orndorff independently identify Defendant as the seller during the second controlled purchase, and he later confirmed his identification of Defendant with the CI.  *See id.*  Consequently, Detective Orndorff's affidavit sufficiently verifies the reliability of the information he obtained from the CI and is based on his own independent observations during the controlled purchases of illegal narcotics.  *See Moore*, 999 F.3d at 996-97.

## IV.

Extending great deference to the state judge's probable cause determination, the totality of the circumstances described in Detective Orndorff's affidavit establishes that probable cause supports the search warrant issued on March 24, 2021 for the property, including Defendant's residence, at 34 Patrick Street.  Defendant's motion to suppress is therefore **DENIED**.

**IT IS SO ORDERED.**

March 3, 2022                                                      s/Michael J. Newman
                                                                        Hon. Michael J. Newman
                                                                        United States District Judge